WALTON vs. WITHINGTON'S ADM'R.

Where a mortgagee takes possession of the mortgaged premises, the rents and profits of the land, are to be applied to the payment of both the principal and interest of the mortgage, and not to the payment of the interest alone. The mortgagee is a mere trustee, and can make no profit out of the estate.

ERROR to St. Louis Circuit Court.

GAMBLE & BATES, for Plaintiff.

The only questions to be presented are—

35

1st. Can the profits of the land be set off against the principal, as well as the interest of the debt ?

2nd. A question of fact only, which was not disputed in the circuit court. Do the answers and the testimony as saved, show that the profits of the land did equal or surpass the debt and interest?

3d. The sheriff's return on said execution was unlawfully excluded from being given in evidence.

NAPTON, J., delivered the opinion of the Court.

James Withington mortgaged to his father Thomas Withington, a tract of land to secure a debt of $500 ; and the mortgagee, Thomas, took possession and enjoyed the rents and profits. After James Withington's death, his interest in the land was sold by order of the probate court of St. Louis, and Samuel Walton became the purchaser at the price of $1200. Subsequently the administrators of Thomas Withington sued upon the mortgage, and made Samuel Walton a party defendant, and obtained a judgment of forceclosi re and order of sale, to pay the principal and interest of the debt, and issued a special *fieri facias* thereon. Whereupon Samuel Walton exhibited his bill to the circuit judge of St. Louis county, for an injunction, on the ground that the rents and profits derived by Th. Withington and his representatives since the death of said Thomas, from the land so mortgaged, exceeded the amount of principal and interest for which the land had been mortgaged. It appeared from the record, that Samuel Walton, the complainant, had not been served with notice in the suit for the foreclosure. The judge granted the injunction as to the interest, but refused it as to the principal ; and upon the final hearing, made the injunction perpetual as to the interest, and dismissed the bill as to the principal.

This decree appears to have been based upon the idea that the rents and profits of the land could only be set off against the rents and profits of the money, and not against the principal debt. This opinion is erroneous, as the mortgagee holds the estate as a mere trustee, for his indemnity only, and cannot make any gain or profit out of the estate. 4 Kent. Com. Holdridge vs. Gillespie ; 2 John. Ch. R. 30.

The decree of the circuit court is therefore reversed, and the cause will be remanded for further proceedings.